**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

MIGUEL FLECHA-MALDONADO,

**Defendant.**

**CRIM. NO. 01-00615-2 (RAM)**

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on the United States Probation Office's ("Probation Office") *Motion Requesting Early Termination of Supervised Release Term* (Docket No. 253) and the United States of America's ("the Government") opposition thereto. (Docket No. 259). The Probation Office's *Motion* at Docket No. 253 is **DENIED** for the reasons set forth below.

## I. BACKGROUND

On August 9, 2001, Defendant Miguel Flecha-Maldonado ("Flecha-Maldonado") was charged in a three-count indictment with conspiracy to possess with intent to distribute ten (10) kilograms of cocaine and the use of firearm in furtherance of a drug-trafficking crime. (Docket No. 2). He went to trial and was found guilty of all counts on May 10, 2002. (Docket Nos. 147 and 148).

On September 30, 2002, he was sentenced to a term of 220 months of imprisonment by now-retired U.S. District Judge José A. Fusté. (Docket No. 165). Judge Fusté also sentenced Mr. Flecha-Maldonado to a term of supervised release of five (5) years for Counts 1 and 2 and a term of three (3) years of supervised release for Count 3, the latter term to be served concurrently with the term for Counts 1 and 2. Id. Defendant appealed to the First Circuit which affirmed Judge Fusté on June 20, 2016. (Docket No. 251). Mr. Flecha-Maldonado began supervised release on February 5, 2018. (Docket No. 253 at 1). He is expected to end supervised release on February 4, 2023. Id.

On April 21, 2020, the Probation Office filed its *Motion Requesting Early Termination of Supervised Release Term* ("Motion"). (Docket No. 253). The United States filed a *Motion in Compliance with Court's Order and in Opposition to USPO's Request for Early Termination of Supervised Release Term* ("Opposition") on May 15, 2020. (Docket No. 259).

In a nutshell, the Probation Office contends that Mr. Flecha-Maldonado's *"adjustment to supervision and reintegration to the community has been very good."* (Docket No. 253 at 2). He has complied with all the conditions of supervised release, is gainfully employed and is complying with the conditions of the Low Intensity Program of Supervision. Id. at 2-3. Lastly, the Probation Office concludes that "no concerns have been identified by the

U.S. Probation Officer as to offender's request for being considered for early termination." Id. at 4.

The Government objects because compliance with the conditions of supervised release is expected and the Probation Office's *Motion* has not shown exceptional or extraordinary circumstances warranting early termination. (Docket No. 259). The Government also suggests that terminating supervision at this time would be tantamount to eschewing the sentencing Judge's rationale. The *Opposition* posited that "[t]here is a reason for which the Judge presiding over defendant's sentencing hearing concluded that defendant had [to] be subject to a five-year term of supervised release." Id. at 2.

While Mr. Flecha-Maldonado is commended for a reportedly successful reintegration into society, the Court must deny the Probation Office's *Motion*. As discussed below, compliance with the conditions of supervision does not serve as a basis for early termination and the pending *Motion* does not state or show any "exceptional circumstances" meriting the requested relief.

## II. APPLICABLE LAW

Pursuant to 18 U.S.C. § 3583(e)(1), and having considered the sentencing factors in 18 U.S.C. § 3553, a Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release […] if it is satisfied that such action is warranted by the conduct

of the defendant released **and the interest of justice**." (emphasis added). *See also* United States v. McGovern, 2020 WL 589553, at *2 (D.P.R. 2020). Early termination of supervision is not granted as a matter of course. *See* United States v. Melvey, 2018 WL 6624193, at *2 (E.D.N.Y. 2018) (citation omitted).

As explained by the Second Circuit:

> Occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997). Moreover, "the law is clear that only 'exceptional cases' involving 'special, extraordinary, or unforeseen circumstance[s]' warrant early termination." Wittingham v. United States, 2017 WL 2257347, at *6 (S.D.N.Y. 2017). By way of example, "early termination may be justified where conditions of supervised release hinder a fully compliant defendant's ability to obtain employment and reintegrate into society." Id. (citation omitted); *see also* United States v. Arellano, 2016 U.S. Dist. LEXIS 187134, *3 (S.D.N.Y. 2016) (granting termination of supervised release one year early where fully compliant supervisee was a salaried truck driver and the conditions of supervision "impede[d] him from obtaining a better and more secure job" with UPS or FedEx, "for which he ha[d] applied

and otherwise [was] eligible"). Similarly, in United States v. Jiménez the Court held that early termination of supervised release was proper due to defendant's compliance and medical issues, which included partial paralysis and slurred speech because of a stroke. *See* United States v. Jiménez*,* 2012 WL 3854785, at *1 (S.D.N.Y. 2012). Crucially, "**compliance with the terms and conditions of ... supervised release, though laudable, is generally not grounds for early termination.**" United States v. Farmer, 2015 WL 6527542, at *2 (D. Me. 2015) (quotation omitted) (emphasis added).

**III. DISCUSSION**

Laudable as Mr. Flecha-Maldonado's new path is, early termination of supervision is not warranted in the present case. The Probation Office's Motion **did not** show any "exceptional circumstances" such as "exceptionally good behavior" or hindrance to Defendant's employment or educational opportunities. *See* Wittingham, 2017 WL 2257347, at *6. As noted in the background section, the Probation Office asserts that Mr. Flecha-Maldonado's *"adjustment to supervision and reintegration to the community has been very good."* (Docket No. 253 at 2). In support of this assertion, the Probation Office's *Motion* offers details that indicate that Mr. Flecha-Maldonado made good use of the educational opportunities available to him in prison, has sought to advance professionally, and has not recidivated or otherwise violated the

conditions of supervision. Id. at 2-3. **However, "[v]ery good behavior" falls short of "exceptionally good behavior."** *See* United States v. Branscumb, 2019 WL 6501208, at *3 (C.D. Ill. 2019), report and recommendation adopted, 2019 WL 6499067 (C.D. Ill. 2019) ("Generally, the conduct of a defendant must establish more than simply successfully complying with the terms of his supervision, for if this were simply enough, nearly every defendant who avoided revocation would be eligible for early termination.") Nor has the Probation Office shown that Mr. Flecha-Maldonado's prospects for professional or education advancement have been hindered. Instead, the Probation Office states that Mr. Flecha-Maldonado has already traded up in full-time employment and enrolled in a continuing education course. (Docket No. 253 at 2-3). **Notably, these auspicious professional and educational developments have occurred while Mr. Flecha-Maldonado has been under supervision.**

Turning to Section 3553's sentencing factors, adequate deterrence would be diminished if early termination of supervised release is dispensed freely. Especially since "[t]he supervised release term serves a broader, societal purpose by reducing recidivism." United States v. Jeanes, 150 F.3d 483, 485 (5th Cir. 1998). Furthermore, the fact that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration" must be considered. United States v. Powell, 2015 WL 8957629, at

*1 (D. Me. 2015) (quotation omitted). Thus, Mr. Flecha-Maldonado's positive reintegration into the community could suffer as "Congress intended supervised release to assist individuals in their transition to community life." *See* United States v. Johnson, 529 U.S. 53, 59 (2000); *see also* United States v. Jackson, 426 F.3d 301, 305 (5th Cir. 2005) ("Shortening the period of supervised release reduces the amount of time a former prisoner is monitored by the system and undermines the rehabilitative goals Congress pursued in enacting § 3624 [which governs the release of a prisoner]." **Mr. Flecha-Maldonado is seemingly thriving under the least intrusive level of supervision and this also weighs in favor of maintaining the status quo.**

Lastly, the Court has also considered that Mr. Flecha-Maldonado had not completed even 50% of his supervised release term when the Probation Office filed its motion on April 21, 2020. (Docket No. 259 at 1). Considering the seriousness of the offenses for which he was convicted, additional time under supervision should have elapsed before countenancing early termination of supervision. *See e.g.* United States v. Friel, 2010 WL 3851964 (D. Me. 2010) (denying early termination to defendant convicted of conviction of possession of a firearm by a felon and possession with intent to distribute marijuana because only 50% of the supervised release term had elapsed and the Probation Office typically waited until 70% had elapsed before moving for early

termination); *see also,* United States v. Slay, 2010 WL 1006713, at *1 (D. Utah 2010) (holding that where only two of the five years of supervised release had passed, even if defendant's conduct was "commendable," termination of supervised release was not proper because "it is still too early to determine if early termination" of supervised release "[was] both warranted by the conduct of the offender and is in the interest of justice.").

All told, the Probation Office's Motion does not show that early termination of supervision, currently at the lowest level, is warranted under Section 3553 (a)'s sentencing factors **and** is in the "interest of justice" as required by Section 3563(e)(1).

## IV. CONCLUSION

"[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of [defendant] and all others serving terms of imprisonment and supervised release and does not warrant early termination." United States v. Weintraub, 371 F.Supp. 2d 164, 166-167 (D. Conn. 2005) (quotation omitted). Mr. Flecha-Maldonado's conduct is commended but the United States Probation Office has not shown exceptional circumstances warranting early termination of supervised release.

The *Motion for Early Termination of Supervised Release* at Docket No. 253 is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of May 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge